UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80008-CIV-MARRA/REINHART

REDOAK COMMUNICATIONS, INC.,
f/k/a REDOAK GROUP, INC., a Florida
corporation,

Plaintiff,

vs.
ADMINISTRATOR of the ESTATE of
WILLIAM N. OLSEN, et. al.,
Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Estate of Walter Y. Olsen's Motion to Dismiss First Amended Complaint and/or for a More Definite Statement Pursuant to Fed. R. Civ. P. 8, 12(b)(2), 12(b)(3), 12(b)(6) and 12(e) (DE 247). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.   Background

On June 29, 2024, Plaintiff Redoak Communications, Inc. ("Plaintiff" "Redoak") filed a First Amended Complaint ("FAC") (DE 215) against Defendants Jared L. Masters ("Masters"), Frolic Pictures, LLC ("Frolic"), David DeFalco ("DeFalco"), AMC Networks Inc. ("AMC"), Digital Store LLC ("Digital"), IFC Entertainment Holdings LLC ("IFC"), All Channel Works, Inc. ("All Channel"), Estate of William N. Olson ("WNO") and the Estate of Walter Y. Olsen ("WYO").[1]  The FAC brings three counts: Direct Copyright Infringement (count one);

---

[1] The FAC also brings claims against ten Doe Defendants. (FAC ¶ 25.)

Contributory Copyright Infringement (count two) and Conversion (count three) relating to a motion picture entitled *Just Before Dawn a/k/a The Last Ritual* (the "Work"). (Compl. ¶ 1.)

Defendant WYO brings a motion to dismiss the FAC on the following grounds: (1) it is an improper shotgun pleading because it incorporates by reference all previous allegations and asserts multiple claims against multiple defendants without specifying which defendants are responsible for which act or omission; (2) the Court lacks personal jurisdiction over WYO and venue in this district is improper; (3) the FAC fails to state a claim for copyright infringement, contributory infringement and conversion.

Plaintiff responds that (1) it does not challenge WYO's argument that the FAC is a shotgun pleading and states it will remedy those pleading deficiencies (2) it does not assert general jurisdiction over WYO but does assert specific jurisdiction; (3) venue is proper because WYO is subject to this Court's personal jurisdiction and (4) the facts adequately support the claims pled in the FAC.

In reply, Defendant WYO contends that Plaintiff has not complied with Local Rule 5.1(a)(4) when it filed a response that was single spaced. Defendant WYO states that Plaintiff's response improperly relied upon 15 exhibits without seeking judicial notice. Even assuming the Court took the exhibits under consideration, those exhibits do not show that Defendant WYO had minimum contacts with Florida. Next, Defendant states that the additional factual averments made by Plaintiff in its response are not pled in the FAC. With respect to the conversion claim, Defendant WYO states that Plaintiff concedes that a pre-litigation demand for return of the property was never made on Defendant WYO.

II. Discussion

A. Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

The Court must first address Defendant WYO's argument that the Court does not possess personal jurisdiction over it. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("a court without personal jurisdiction is powerless to take further action."). The Court finds that Defendant WYO waived the issue of personal jurisdiction and improper venue when Defendant Walter Y. Olsen filed an answer in this case.

Mr. Olsen, proceeding *pro se*, filed an answer on April 13, 2023. (DE 112.)  That answer stated:

> I am Walter Y. Olsen. I have been named as a defendant in this action. I am gravely ill and cannot afford legal counsel at this time. I have asked my caretaker to assist me in submitting this answer to the Court.
>
> I deny any allegation that accuses me of wrongdoing. Otherwise, I deny that I have sufficient information to respond to the other allegations of the Complaint.
>
> Other defendants may have stated defenses. I would like to incorporate those defenses as my own.

(DE 112.)

Plaintiff then moved for an order to require Mr. Olsen to file a more complete answer. (DE 113.)  Mr. Olsen responded, "I am Walter Y. Olsen. I am a defendant in this action. At this time, I am physically unable to do more than file the Answer I previously mailed to the Court. I incorporate my answer in response to plaintiff's motion." (DE 126.)  The Court granted Plaintiff's motion and directed Mr. Olsen to file an amended answer by June 2, 2023, consistent with Rule 8(b) of the Federal Rules of Civil Procedure.[2]  (DE 129.)  Plaintiff filed a suggestion

---

[2] The Clerk mistakenly entered a default against Mr. Olsen (DE 139), which the Court vacated (DE 152) as erroneous. In so doing, the Court noted that it did not strike Mr. Olsen's answer and that Mr. Olsen appeared in the case. (DE 152 at 2.)

of death of Mr. Olsen on June 12, 2023. (DE 142.) On April 1, 2024, the Court granted the motion to substitute Bethany Vota as the personal representative of Defendant WYO's estate. (DE 208.)

Lack of personal jurisdiction and improper venue are waivable defenses. *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *Lipofsky v. New York State Workers Compensation Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988); *see* Fed. R. Civ. P. 12(g) & (h) (stating that a party who fails to object to personal jurisdiction or improper venue in the first of either his or her answer or Rule 12 motion waives the objection). A defendant waives these defenses once that defendant enters an appearance. *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010).

Here, Mr. Olsen waived the defenses of personal jurisdiction and improper venue by filing an answer. Defendant WYO Estate, as a substituted party, "step[ped] into the same position" as Mr. Olsen. *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1337 (11th Cir. 2022). The Court rejects Defendant WYO's argument that Mr. Olsen did not have an opportunity to challenge personal jurisdiction because he died before the June 2, 2023 deadline for filing an amended answer. (Reply at 7.) Indeed, the Court directed Mr. Olsen to file an amended answer. The Court did not strike Mr. Olsen's original answer. By filing an answer and not raising the defenses of personal jurisdiction or improper venue in his answer or by motion, Mr. Olsen waived these defenses.

For this reason, the Court denies the motion to dismiss for lack of personal jurisdiction and improper venue.

B. Motion to Dismiss pursuant to Rule 12(b)(6) and Motion for a More Definite Statement pursuant to Rule 12(e)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more

definite statement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Gaddy v. Stihl Inc.*, No. 3:21-CV-1141-BJD-JBT, 2022 WL 22585391, at *2 (M.D. Fla. Oct. 17, 2022).

Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

The Court begins its discussion by noting that Plaintiff concedes that the FAC constitutes a shotgun pleading and states that it will amend the FAC to identify which claims apply to which Defendants and to remedy the incorporation clauses in the FAC. (Resp. at 12-13.)  The Court grants leave to amend to remedy these pleading deficiencies.

The direct copyright infringement claim must also be amended. To succeed on a claim of copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020).  Defendant WYO does not challenge the first element.  The Court, however, agrees that the facts relating to the second element of the direct copyright claim are unclear and confusing.  For example, paragraph 75 of the FAC states, "Defendants' WNO's, WYO and/or DeFalco's act(s) of entering into agreements with All Channel and Kino following the expiration of the Code Red License, constitutes Copyright Infringement."  (FAC ¶ 75.)  Plaintiff must take care to identify each defendant's specific act or acts that demonstrate the alleged copying and should not use "and/or" in making these allegations. Instead, the amended pleading must specify which defendant entered into

6

agreements and with which entity. Furthermore, Plaintiff must explain the agreements and how these agreements demonstrate that Defendant copied and distributed the work.

Next, the Court discusses the claim for contributory infringement. To establish a prima facie case of contributory infringement, a plaintiff must establish "(1) third-party direct infringement, (2) that the defendant had knowledge of the third-party direct infringement and (3) that the defendant intentionally induced, encouraged, or materially contributed to the third-party direct infringement." *Diaz v. Edi Korta, LLC*, No. 24-CV-20522, 2024 WL 3425710, at *6 (S.D. Fla. July 15, 2024), *report and recommendation adopted sub nom. Baloa Diaz v. Edi Korta, LLC*, No. 1:24-CV-20522, 2024 WL 3636641 (S.D. Fla. Aug. 2, 2024) (brackets and ellipses omitted); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005) ("one infringes contributorily by intentionally inducing or encouraging direct infringement.")

> This claim is pled in a barebones fashion. The claim merely states that:
>
> WNO, WYO, Masters, Frolic, DeFalco[,] AMC, IFC, Digital and/or All Channel induced, caused and materially contributed to the infringing act of others by falsely and fraudulently claiming ownership rights, and encouraging, inducing, allowing and assisting others to district the Work.
>
> WNO, WYO, Masters, Frolic, DeFalco[,] AMC, IFC, Digital and/or All Channel had or should have had knowledge of the infringing acts relating to the Work.
>
> The acts and conduct of WNO, WYO, Mastes, Frolic, AMC, IFC, Digital, All Channel and/or DeFalco as alleged above in this Complaint, constitute contributory Copyright infringement.

(FAC ¶¶90-92.)

These allegations do nothing more than offer "labels and conclusions," "naked assertions," and "a formulaic recitation of the elements of a cause of action." *Microsoft Corp. v. Guirguis*, No. 20-CV-24514, 2022 WL 1664181, at *2 (S.D. Fla. Mar. 30, 2022) (brackets

7

omitted).  For this reason, the claim must be re-pled. With respect to Defendant WYO, the amended pleading must show how WYO contributed to the infringing acts and how WYO had or should have had knowledge of the infringing act.[3]

With respect to the conversion claim, Defendant WYO seeks dismissal of this claim because it is inadequately pled, no demand and refusal was made, and it is preempted by Copyright law.  Before discussing these arguments, the Court sets forth the elements of conversion in Florida: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, 710 F. Supp. 3d 1200, 1231 (S.D. Fla. 2024); *Fairmarkit, Inc. v. Whaley*, No. 3:22-CV-5067-TKW-HTC, 2023 WL 2924462, at *2 (N.D. Fla. Feb. 6, 2023).  Before a conversion can occur, "a person who has a right to possession of property demands its return and the demand is not or cannot be met." *Shelby Mut. Ins. Co. of Shelby, Ohio v. Crain Press, Inc.*, 481 So. 2d 501, 503 (Fla. Dist. Ct. App. 1985).  That stated, "a demand and refusal are unnecessary where it would be futile and the act preventing a return results in the depriving of possession and, thus, equates to a conversion." *Id.*

The Court disagrees with Defendant WYO that it is unclear what property is claimed to have been converted. While the facts alleged in the conversion count could be clearer, reading the FAC as a whole, allows Defendant to determine that it is the Work that has allegedly been converted.  Defendant, however, is correct that the FAC does not address the issue of a pre-litigation demand for the return of property on Defendant WYO (or any defendant).  Once again, Plaintiff relies on facts not pled in the FAC and attaches exhibits in support of demand of return

---

[3] To the extent Plaintiff supplies new facts in its response to the motion to dismiss, these facts cannot be considered to defeat the motion to dismiss.  *See Gil v. Winn Dixie Stores, Inc.,* 242 F. Supp. 3d 1315, 1316 n.1 (S.D. Fla. 2017); *Erb v. Advantage Sales & Mktg. LLC*, No. 6:11-CV-2629-SLB, 2012 WL 3260446, at *3 (N.D. Ala. Aug. 3, 2012).

of property. Plaintiff must amend the FAC to describe the demand for the return of the property or the futility of such a demand.

Lastly, Plaintiff does not challenge Defendant WYO's argument that the conversion claims must be separated from the copyright claim. Instead, Plaintiff references various facts, not alleged in the FAC, that support a finding that the claims are separate. Once again, these facts are not pled in the FAC and the Court cannot consider these arguments. For these reasons, Plaintiff is granted leave to amend the conversion claim.

III. Conclusion[4]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Estate of Walter Y. Olsen's Motion to Dismiss First Amended Complaint and/or for a More Definite Statement Pursuant to Fed. R. Civ. P. 8, 12(b)(2), 12(b)(3), 12(b)(6) and 12(e) (DE 247) is **DENIED IN PART AND GRANTED IN PART.** The motion to dismiss for lack of personal jurisdiction and improper venue is **DENIED**. The motion to dismiss for failure to state a claim and a more definite statement is **GRANTED**. Plaintiff is granted leave to amend the FAC consistent with this Order **within 14 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of October, 2024.

KENNETH A. MARRA
United States District Judge

---

[4] The Court admonishes Plaintiff for failure to comply with the Local Rules of the Southern District of Florida. The Response filed by Plaintiff violated Local Rule 5.1(a)(4) by using single-spaced lines. This is not the first instance of Plaintiff failing to comply with the Local Rules. *See, e.g.*, DE 252 (striking summary judgment for failure to comply with the Local Rules). The Court directs Plaintiff to comply with the Local Rules or face more serious consequences.