UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:23-cv-80008-KAM

REDOAK COMMUNICATIONS, INC.,

    Plaintiff,

v.

ADMINISTRATOR OF THE ESTATE OF
WILLIAM N. OLSEN et al.,

    Defendants.

_____/

**DEFENDANT ESTATE OF WALTER Y. OLSEN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant ESTATE OF WALTER Y. OLSEN (hereinafter, "WYO Estate" or "Defendant") hereby moves to dismiss the Second Amended Complaint (ECF No. 268) ("SAC") with prejudice for failure to state a claim. In support thereof, Defendant states as follows.

## MEMORANDUM OF LAW AND FACT

The instant dispute arises out of and relates to a motion picture work entitled *Just Before Dawn* a/k/a *The Last Ritual* (the "Work"). ECF No. 215, ¶ 1. Plaintiff Redoak Communications, Inc.'s ("RCI" or "Plaintiff") First Amended Complaint ("FAC") asserted claims of direct copyright infringement (Count I), contributory copyright infringement (Count II), and conversion (Count III) against the WYO Estate, eight (8) named defendants, and ten (10) unidentified DOES 1 through 10. ECF No. 215. The WYO Estate filed a motion to dismiss the FAC as an improper shotgun pleading, for lack of personal jurisdiction over the WYO Estate, for improper venue, and for failure to state a claim or, alternatively, to require a more definite statement pursuant to Rule 12(e). ECF No. 247. The Court denied the motion to dismiss for lack of personal jurisdiction and improper venue but granted the motion to dismiss for failure to state a claim and a more definite statement, and granted Plaintiff leave to amend the FAC. ECF No. 267. Specifically, the Court noted that the direct copyright infringement claim had to be amended to "identify each defendant's specific act or acts that demonstrate the alleged copying", "specify which defendant entered into agreements and with which entity", and "explain the agreements and how these agreements demonstrate that Defendant copied and distributed the work." ECF No. 267, at 6-7. With respect to the contributory infringement claim, the Court specifically noted that Plaintiff's amended pleading "must show how WYO contributed to the infringing acts and how WYO had or should have had knowledge of the infringing act." *Id.* at 8. As for the conversion claim, the Court instructed Plaintiff to "amend the FAC to describe the demand for the return of the property or the futility of such a demand." *Id.*

at 9. Plaintiff thereafter filed the SAC, which is again subject to dismissal because it fails to cure the pleading deficiencies specifically pointed out by the Court in its October 29th Order.

On December 10, 2024, Defendants AMC Networks Inc. ("AMC"), IFC Entertainment Holdings LLC. ("IFC"), Digital Store, LLC., All Channel Films, Inc., and David DeFalco (individually "DeFalco" and collectively, the "DeFalco Defendants") filed a motion to dismiss the SAC with prejudice pursuant to Rule 12(b)(6). ECF No. 274. In the interest of brevity and conserving Party and Court resources, the WYO Estate incorporates by reference the DeFalco Defendants' Motion to Dismiss (ECF No. 274) the SAC, as the legal and factual arguments raised therein and relied on by the WYO Estate herein largely overlap. In addition thereto, the WYO Estate briefly states as follows.

### A. LEGAL ARGUMENT

#### 1. The SAC Fails to State a Claim for Copyright Infringement and Conversion

As more specifically explained in the DeFalco Defendants' Motion to Dismiss the SAC (which is incorporated herein by reference), Plaintiff has failed to sufficiently plead copyright ownership in the Work, particularly because there are clear and glaring chain of title issues in the Work which undermine and belie Plaintiff's conclusory allegation that it "has been and still is the owner of all right, title, and interest in and to the Copyright in the Work." ECF No. 268, ¶ 88. For this reason, and because amendment would be futile, the SAC's direct and contributory copyright infringement claims should be dismissed with prejudice.

In the same vein, the SAC's conversion claim must be dismissed with prejudice because it fails to "describe the demand for the return of the property or the futility of such a demand." ECF No. 267, at 9. The SAC claims that, "All demands to [Bethany Vota] as personal representative of WYO were made to BV's counsel *who replied that no film copies or materials exist in possession of WYO*" and points to an email dated November 17, 2023. ECF No. 268, ¶ 163 (emphasis added).

First, this email was sent to Ms. Vota's counsel long after this lawsuit was instituted. Second, a reading of the entire email chain (reproduced in Exhibit 4 to the SAC, *see* ECF No. 268-1) reveals that the purpose of the email was to demand that Ms. Vota and her counsel select personal representatives for the estates of WNO and WYO, and not to demand a return of the purported materials. Third, the SAC concedes that Ms. Vota's counsel confirmed that no film copies or material exist in possession of WYO. This is important because the SAC concedes—on several occasions—that Plaintiff does not believe the WYO Estate is in possession of any film materials. *See* ECF No. 268, ¶¶ 159, 165, 166 ("Based on recent information obtained from persons involved in the production and distribution of the Work, Plaintiff has concluded that the original film negatives for the Long Version were never within the possession or control of WNO or WYO and were not used in the production of the Code Red DVD Edition, Ronin Flix Edition or the Kino Edition."; "Plaintiff doubts the existence of any original film materials in the possession or control of WNO or WYO and no copies of the Work have be located."; "***Plaintiff is satisfied that no original film materials exist in the possession or control of either WNO or WYO or to be found in the storage units.***") (emphasis added). Lastly, Plaintiff's conversion claim is preempted by Copyright law. The Eleventh Circuit has adopted a two-prong test to determine whether the Copyright Act preempts a state law cause of action. *See Crow v. Wainwright*, 720 F.2d 1224 (11th Cir. 1983). The first prong requires courts to determine whether "the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103" of the Copyright Act. *Id.* at 1225-26 (quoting *Harper & Row, Publishers v. Nation Enters.*, 501 F. Supp. 848, 850 (S.D.N.Y.1980)). The second prong requires the Court to determine whether the rights at issue are equivalent to the exclusive rights conferred by Section 106 of the Copyright Act. *See Crow*, 720 F.2d at 1226. Section 106 sets forth the rights to reproduction, preparation of derivative works, distribution,

4

performance, and display of copyrighted material. *See* 17 U.S.C. § 106. "[I]f an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created [cause] of action, then the right does not lie within the general scope of copyright and there is no preemption." *Jouria v. CE Res., Inc.*, No. 0:15-CV-61165-WPD, 2017 U.S. Dist. LEXIS 111698, 2017 WL 3868422, at *3 (S.D. Fla. July 17, 2017) (quoting *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1311-12 (11th Cir. 2001)). "However, the 'extra element test,' is not a rote comparison of the elements of the two claims. The 'extra element' of the state-law-claim must change the nature of the claim, so that it is '*qualitatively* different from a copyright infringement claim.'" 2017 U.S. Dist. LEXIS 111698, at *3 (quoting *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001)) (emphasis in original).

Here, the first prong has been satisfied because the rights at issue fall within the subject matter of copyright. Section 102(a)(6) of the Copyright Act provides copyright protection for "motion pictures and other audiovisual works." 17 U.S.C. § 102(a)(6). As such, the bases for the state law claim, namely Plaintiff's copyrighted movie, fall within the subject matter of copyright set forth in Sections 102 and 103. *Id.*; *see Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1217 (S.D. Fla. 2021) (finding that copyrighted movies fall within the subject matter of copyright when analyzing the first prong of the two-prong preemption test).

With respect to the second prong, Plaintiff's conversion claim is obviously premised on the Work because Count III avers that Plaintiff is the owner of the Work's copyright, all versions of the Work, and all other property interests, and that as a result of the WYO Estate's purported conversion, "Plaintiff RCI has been deprived of ownership over the Kino Edition [of the Work] and other reproductions and distributions of the Kino Edition [of the Work]." ECF No. 268, ¶ 169. There is no "extra element" to the conversion claim (or to the factual allegations pled in connection

with the claim) that qualitatively distinguishes it from the copyright infringement claims. *See Jaggon v. Rebel Rock Entm't, Inc.*, 2010 U.S. Dist. LEXIS 90685, at *10-11 (S.D. Fla. Aug. 31, 2010) (dismissing conversion claim because the claim—premised on a copyrighted musical composition—"does not contain any extra elements that render the claim qualitatively different from a copyright infringement claim" and was preempted by Copyright law). As such, Count III is preempted by Copyright law and must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, the WYO Estate respectfully requests that this Court **GRANT** the instant Motion to Dismiss and dismiss the Second Amended Complaint (ECF No. 268) with prejudice for failure to state a claim; and for such other relief as this Court deems just and proper.

Dated: December 10, 2024

Respectfully submitted,
*/s/ Mark C. Johnson*
MARK C. JOHNSON, ESQ.
Fl. Bar No. 84365
U.S.P.T.O. Reg. No. 69,349
MJ@JOHNSONDALAL.COM
**JOHNSON | DALAL**
111 N. PINE ISLAND ROAD, SUITE 105
PLANTATION, FL 33324
Tel: (954) 507-4500
Fax: (954) 507-4502

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that a true and correct copy of the foregoing is being served this day on all parties and counsel of record, via transmission of Notices of Electronic Filing generated by CMF/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated: December 10, 2024

Respectfully submitted,

*/s/ Mark C. Johnson*
MARK C. JOHNSON, ESQ.
Fl. Bar No. 84365
U.S.P.T.O. Reg. No. 69,349
MJ@JOHNSONDALAL.COM
**JOHNSON | DALAL**
111 N. PINE ISLAND ROAD, SUITE 105
PLANTATION, FL 33324
Tel: (954) 507-4500
Fax: (954) 507-4502